UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HUBERT CALVIN CARY JR.,

Plaintiff,

-against-

ALLIANCE PROGRAM, et al.,

Choose an item..

26-CV-6073 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who currently is incarcerated in the Otis Bantum Correctional Center on Rikers Island, brings this action *pro se*. Plaintiff also requests to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). Plaintiff is barred, however, from filing any new action IFP while he is a prisoner. *See Cary v. Reed*, No. 16-CV-6299 (CM) (S.D.N.Y. Sept. 26, 2016). That order relied on the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Although Plaintiff has filed this new action seeking IFP status, his complaint does not show that he is in imminent danger of serious physical injury.[1] Instead, Plaintiff alleges that he was excluded from a program within the New York City Department of Correction. Because Plaintiff does not allege facts suggesting that he is in imminent danger of serious physical injury, Plaintiff is barred from filing this action IFP.

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future action IFP while he is in custody, unless he is under imminent threat of serious physical injury.[3] *Id.*

In light of the dismissal of this action, the Court denies as moot Plaintiff's Application for the Court to Request Pro Bono Counsel. The Clerk of Court is directed to terminate the motion pending at ECF No. 4.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated: July 23, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

[2] Plaintiff may commence a new action by paying the filing fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A. Section 1915A requires the Court to dismiss a civil action, in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).